IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORETTA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv971-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff Loretta Taylor applied for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq., and for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq.  Plaintiff's application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearings, the ALJ also denied the claims.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c),

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-four years old at the time of the hearing before an ALJ and had a high school education. (Tr. 27). Plaintiff's past relevant work experience included work as a fast food manager, nurse's assistant, security guard, and cashier. (Tr. 27 & 34). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 25, 2004 (Step 1). (Tr. 24). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "status post meniscus repair of the right knee, mild osteoarthritis of the knees, status post surgery for removal of bone spur and ganglion cyst of the right foot, mild carpal tunnel syndrome of the right hand, hypertension with mild left ventricular dysfunction, and obesity." (Tr. 26-27). The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Step 3) (Tr. 27). Next, the ALJ found that Plaintiff retains the RFC to:

> perform light exertional work with the following modifications: She can occasionally climb stairs and ramps but never climb ladders, ropes or scaffolds. She can occasionally kneed and crouch. She can frequently use her hands for handling, fingering and feeling. She must not work at activities involving unprotected heights or moving mechanical parts.

(Tr. 27). Given this level of RFC, and after hearing the testimony of an VE, the ALJ determined that Plaintiff is able to perform past relevant work. (Step 4) (Tr. 34). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 35).

**IV.    PLAINTIFF'S CLAIM**

Plaintiff presents one claim for this Court's consideration: whether the ALJ properly applied the United States Court of Appeals for the Eleventh Circuit's pain standard. Pl.'s Brief (Doc. #12) at 6.

**V.     DISCUSSION**

Plaintiff claims the ALJ failed to apply the Eleventh Circuit's three-part pain standard when considering Plaintiff's subjective complaints of pain. The three-part pain standard expressed by the Eleventh Circuit "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If Plaintiff establishes evidence of an underlying medical condition and either part two or three of the test, the ALJ must then make a credibility determination about Plaintiff's descriptions of her pain. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so . . . . [a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Plaintiff asserts that "Dr. Sam[]elson's records clearly document an underlying medical condition that could reasonably be expected to give rise to the pain claimed by

6

Plaintiff," and "that the records of Dr. Sam[]elson were not adequately considered by the ALJ." Pl.'s Brief (Doc. #12) at 7. Thus, Plaintiff is arguing that she met the first and third prongs of the three-part test.

This argument is rather curious considering the ALJ's decision. This is not a case where the ALJ failed to properly apply the three-part test. Further, it is not a case where the ALJ properly applied the test but determined Plaintiff could not meet the requirements for consideration of her subjective complaints. Rather, this is a case where the ALJ applied the three part test and found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. 28). Thus, the ALJ found evidence of an underlying medical condition (part one of the test) and found the condition could reasonably be expected to give rise to the alleged pain (part three of the test). *See Holt,* 921 F.2d at 1223. Thus, Plaintiff's complaint that the ALJ failed to properly consider Dr. Samelson's records, which "clearly document an underlying medical condition that could reasonably be expected to give rise to the pain claimed by Plaintiff," is without merit. The ALJ did consider Dr. Samelson's records and, more importantly, found that Plaintiff could establish an underlying medical condition that could reasonably be expected to give rise to the pain alleged.

After applying the pain standard, the ALJ went on to make his credibility determination; The ALJ found that Plaintiff's "statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (Tr. 28). Plaintiff does not

challenge the ALJ's credibility determination. However, this Court has reviewed the determination, along with the entire record in this case, and finds it to be without error.

The ALJ "articulate[d] explicit and adequate reasons," *Foote,* 67 F.3d at 1561, for his determination, citing: the lack of medical records regarding treatment for Plaintiff's hand problems; the lack of medical records to support the allegation of disabling pain; the lack of a diagnosis of disabling pain; the lack of record evidence of Plaintiff's own complaints of pain; the inconsistency in Plaintiff's testimony at the hearing (March 2007) that she was currently taking Mobic every day, while her prescription sheets showed she had only received a four month supply of Mobic in May of 2005; and Plaintiff's failure to use an assistive device for walking. (Tr. 28-34). Thus, the ALJ properly articulated his reasons for discrediting Plaintiff's complaints as to the severity of her pain.[5]

"[A] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The Court finds the ALJ's determination to be supported with substantial evidence and, thus, affirms his decision.

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

---

[5] The ALJ discusses his reasons for finding Plaintiff "not entirely credible" over seven pages of his decision. *See* (Tr. 28-34).

DONE this 16th day of November, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE